**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name  Williamson    James    R
    (Last)       (First)      (Initial)

Prisoner Number  d 34288

Institutional Address  P.O. Box 7500-d4/07 Crescent City Ca 95532

---

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

James Williamson
(Enter the full name of plaintiff in this action.)

    vs.

Robert Horel, Warden of
Pelican Bay Prison

_____

_____
(Enter the full name of respondent(s) or jailor in this action)

C 07 3228 CW (PR)

Case No. _____
(To be provided by the clerk of court)

**PETITION FOR A WRIT
OF HABEAS CORPUS**

---

<u>Read Comments Carefully Before Filling In</u>

<u>When and Where to File</u>

    You should file in the Northern District if you were convicted and sentenced in one of these counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located.  If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS    - 1 -

1  <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11      1. What sentence are you challenging in this petition?

12          (a)    Name and location of court that imposed sentence (for example; Alameda

13                 County Superior Court, Oakland):

14          Sacramento Superier          Sacramento Ca

15                 Court                           Location

16          (b)    Case number, if known  71053

17          (c)    Date and terms of sentence  7/6/86

18          (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                 parole or probation, etc.)          Yes  X          No _____

20                 Where?

21                 Name of Institution: Pelican Bay State

22                 Address: P.O. Box 7500-d4/07

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  Numerous crimes ranging from Burg 1st Deg (PC 459)-Resi-

27  dent Robbery (PC 211/213.5); False Imprkonm't (PC 236); AWDW (PC 245(a);

28  Kidnap (PC 209(a); Assault (PC 220/261/286(d)/289(a) & Poss Stolen Prop (PC 496)

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

Arraignment:                              Yes ✓     No _____

Preliminary Hearing:                      Yes ✓     No _____

Motion to Suppress:              ?        Yes _____     No _____

4. How did you plead?

Guilty _____     Not Guilty ✗     Nolo Contendere _____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury ✗     Judge alone_____     Judge alone on a transcript _____

6. Did you testify at your trial?                Yes ✗     No _____

7. Did you have an attorney at the following proceedings:

    *Immediately following arraignment He was Release, Charges dismissed & Re-arrested newly charged*

(a)     Arraignment *        ?        Yes ✓  &  No ✓

(b)     Preliminary hearing                Yes ✓     No _____

(c)     Time of plea *        ?        Yes _____     No _____

(d)     Trial                              Yes ✓     No _____

(e)     Sentencing                         Yes ✓     No _____

(f)     Appeal                             Yes ✓     No _____

(g)     Other post-conviction proceeding   Yes _____     No ✓

8. Did you appeal your conviction?              Yes _____     No _____

(a)     If you did, to what court(s) did you appeal?

Court of Appeal                    Yes ✓     No _____

Year: _1986-7_     Result: _Affirmed_____

Supreme Court of California         Yes ✓     No _____

Year: _1988-9_     Result: _denied_____

Any other court                    Yes ✓     No _____

Year: _1989-90_     Result: _denied_____

(b)     If you appealed, were the grounds the same as those that you are raising in this

1    petition?                                          Yes __✓__    No_____

2    (c)    Was there an opinion?                       Yes _____    No__✓__

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                        Yes _____    No__✓__

5    If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?    Yes __✓__    No_____

10          [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11    challenged the same conviction you are challenging now and if that petition was denied or dismissed

12    with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13    for an order authorizing the district court to consider this petition. You may not file a second or

14    subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15    U.S.C. §§ 2244(b).]

16          (a)    If you sought relief in any proceeding other than an appeal, answer the following

17                 questions for each proceeding. Attach extra paper if you need more space.

18          I.     Name of Court: _California Supreme Court_

19                 Type of Proceeding: _Habeas Petition_

20                 Grounds raised (Be brief but specific):

21                 a._Ineffective Assistance of Counsel_

22                 b._Jury Selection discrimination_

23                 c._____

24                 d._____

25                 Result: _denied_____Date of Result: _?____

26          II.    Name of Court: _U.S. Northern district_

27                 Type of Proceeding: _Habeas_____

28                 Grounds raised (Be brief but specific): _Same as above listed in (a)._

PET. FOR WRIT OF HAB. CORPUS        - 4 -

1    a._____

2    b._____

3    c._____

4    d._____

5    Result: _denied_____ Date of Result: _?___

6    III.  Name of Court: _U.S. 9th Court of Appeals_

7    Type of Proceeding: _Appeal on Habeas Pet denial_

8    Grounds raised (Be brief but specific):

9    a. _Whether trial Counsel was ineffective_

10   b. _in failing to adequately Object to_

11   c. _Jury discrimination Violation_

12   d. _Whether California Sac County Jury Selection dis-_
     _criminates._

13   Result: _denied_____ Date of Result: _?___

14   IV.  Name of Court: _____

15   Type of Proceeding: _____

16   Grounds raised (Be brief but specific):

17   a._____

18   b._____

19   c._____

20   d._____

21   Result: _____ Date of Result:_____

22   (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                    Yes _____    No ✓_____

24   Name and location of court: _____

25   B.  GROUNDS FOR RELIEF

26   State briefly every reason that you believe you are being confined unlawfully. Give facts to

27   support each claim. For example, what legal right or privilege were you denied? What happened?

28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space. Answer the same questions for each claim.

2       [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: California's Sacramento County's 1985 Jury

6  Selection Process discriminated against Petitioner

7  Supporting Facts: Under the recent U.S. Supreme Court Rulings*

8  1. Petitioner Williamson's trial Jury Selection oc-

9  curred in 1989. (RT

10  2. At that time, the California Sacramento County

11  Jury Commissioners selection Master

12  List comprised of an underrepresenta-

13  tion of African-american and other

14  Minorities;

15  3. This underrepresentation was demonstrated

16  by the County's Two Jury Trial Pools comprising

17  of only a few Black and minorities

18  (13) Total, in comparison to the Majority Whites.

19  Supporting Facts: 4). Trial Counsel objected and the

20  Prosecutor responded;

21  5) The Court accept said response and de-

22  nied Petitioners Wheeler/Baton motion. (See added

23  If any of these grounds was not previously presented to any other court, state briefly which page 6(a)

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

(FACTS CONT.s)

6/ The County Prosecutor had excluded the only few black prospective jurors out of the two jury panels that was questioned during the selection process. He also excluded the only other minorities.

7) Defense Counsel pointed these facts out during the Jury/Batson hearing, arguing that to have such an emotionally charged case presented to an all-white jury, in which the victims was mainly white, would deprive Petitioner, who is non-white of a fair trial. [1]

8) In 1985, California's standard for establishing a prima facie case of purposeful jury selection discrimination, requiring that it was 'more likely than not', that the other party's motives for excluding otherwise qualified, cognizable racial group(s) from the jury selection process, were based on impermissible group bias;

9. Although petitioner appealed and sought post-conviction habeas review on this matter, none of the state or federal courts with this claim, due to the United States Supreme Courts recent ruling making the Trial Courts' (1985) applied standard to his case, resulting in the denial of his Wheeler Motion.

[1] It should be noted that throughout the trial, the prosecutor's statements made to both witnesses and jurors caused the defense counsel to object as inflammatory, ultimately influencing a conviction verdict.

MC-275

Name  James Williamson

Address  P.O. Box 7500 / d-4-107

Crescent City, Ca
95532

CDC or ID Number  D34288

CONFORM COPY

SUPREME COURT
**FILED**

JUN 3 1 2006

Frederick K. Ohlrich Clerk

DEPUTY

IN THE SUPREME COURT

FOR THE STATE OF CALIFORNIA
(Court)

| |
|---|
| James Williamson<br>Petitioner<br><br>vs.<br><br>Richard Kirkland<br>Respondent |

PETITION FOR WRIT OF HABEAS CORPUS

No. **S145447**

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

PELICAN BAY S.H.U.

UNIT D-4

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

(CONTINUATION FROM page 3(A): FACTS IN Support of Ground 2)

UNIT D-4

state's jury selection process, was at odds with the prima facie inquiry mandated under the equal protection principles of the Fourteenth Amendment, Batson v. Kentucky (Ibid) (Johnson v. California (2005) 125 S. Ct. 2410, 162 L. Ed 2d 129.)

7. The Court held that a prima facie case of race discrimination could be made out by offering a wide variety of evidence, so long as the sum of the proffered facts gave rise to an inference of discriminatory purpose, (Id.) as the case law provided no support for the state's "more likely than not" standard relied upon by the trial Court in petitioners case. (RT 1049-50) Accordingly, not even Batson, on its terms, provide no support for such a state standard; (Johnson, supra), warranting habeas review by higher Court in consideration of granting an evidentiary hearing and, habeas relief, reversing the conviction and judgment.

//
//
//
//
//
//
//
//
//
//
//

3(b)

PELICAN BAY S.H.U.

(CONTINUATION FROM PAGE 3 "FACTS"/GROUND 1)

UNIT D-4

3. During the Course of the trial Counsel sought to have the Trial Court to quash the Jury Venire panels, during a relative challenge of the prosecutors exercise of peremptory challenges to systematically and discriminately remove all of the Black jurors from his trial jury. (RT 1014-1050)

4. However, the Court rejected defense Counsels' argument to quash the State's venire panels (on grounds that it systematically excludes African-americans and other minorities, and did not reflect a fair representation of cognizable ethnic groups in the County of Sacramento in its compiled Jury Selection Master Jury Roster Compiled listing), in which the Court did not find that counsel established a prima facie showing in challenging the State's venire Jury selection process (Ibid.) Instead, the Court only required the prosecutor to explain his removal of all the few Blacks from the actual trial Jury (Id.) which it accepted and denied that aspect of the challenge. (Id. 1049-50)

5. Petitioner alleges that the Trial Court's refusal to quash the discriminatory Jury venire pools by finding that petitioner's trial counsel failed to establish a prima facie showing under the State's "more likely than not" standard, contravened governing Constitutional mandates, as clearly set forth in the recent U.S. Supreme Court rulings of Johnson v. California. (See (b) authorities on page 4).

6. On June 13, 2005, the United States Supreme Court held that California's "more likely than not" standard for establishing a prima facie case of group bias in challenges to the alleged systematic exclusion of cognizable racial groups during the

PELICAN BAY S.H.U.
UNIT D-4

6.  GROUNDS FOR RELIEF
Ground 1. State briefly the ground on which you base your claim for relief. For example: "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

*PETITIONER'S 1985 CONVICTION BY AN UNCONSTITUTIONALLY-SELECTED ALL WHITE JURY, WHEREAS THE STATE'S "JURY-SELECTION" PROCESS RESULT-ED IN THE SYSTEMATIC DISCRIMINATORY EXCLUSION, REMOVAL OF ALL AFRICAN-AMERICAN WOMEN AND MEN JURORS UNDER THE STATE'S "MORE LIKELY THAN NOT" Standard VIOLATED THE U.S. SUPREME COURT'S 2005 RULING UNDER JAY JOHNSON V. CALIFORNIA, 1/*

a.  Supporting facts: *and Miller et V. Dretke. 1/*
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

1. Petitioner James Williamson, who suffers from a debilitative eye disease, and with the aid of a fellow inmate (untrained and unskilled in the practice of law), brings this petition for habeas relief, challeng-ing the State's applied "more likely than not" standard to his 1985 claims of its systematic, discriminatory exclusion and re-moval of all African-American male and female jurors, warranting habeas review and relief under the recent U.S. Supreme Court ruling in Johnson, and Miller el; (see (b) authorities below)

2. On October 4, 1985, the State's Sacramento County Jury Commi-ssioner systematically composed (2) two Jury Venire panels of ninety-eight (98) prospective jurors from its official Jury Selec-tion masters List. Of those jurors, eighty-five were white, and thirteen (13) were minority, including seven(7) Blacks. (RT 1014-1016)

b.  Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

1/ Johnson v. California, 543 U.S. ___ 125 S. Ct. 2410, 162 L. Ed 2d 129 (2005); Miller-El v. Dretke (2005) 545 U.S. ___ 162 L. Ed 2d 196, 125 S. Ct. 2317, U.S. CONST. Amend. VI - RIGHT TO TRIAL BY Impartial Jury; Cal. Constitution Art. I, §§ 7(a), 14, 15, 24 & Art. II § 2; U.S.C.A. XIV. (See Wells v. Murray, 831 F. 2d 468, 472 (1987) Batson v. Kentucky (1986) 476 U.S. 79, 90 L.Ed 2d 69, 106 S. Ct. 1712; People v. Wheeler 22 Cal. 3d 258, 148 Cal. Rptr. 890 (1978) Castaneda v. Partida 430 U.S. 482; U.S. v. Cannady 54 F.3d 544, 548 (9th Cir.)

TRIAL COUNSEL'S FAILURE TO COMPETENTLY AND EFFECTIVELY CHALLENGE THE STATE'S SYSTEMATIC EXCLUSION OF ALL AFRICAN-AMERICAN PROSPECTIVE JURORS FROM THE STATE'S JURY VENIRE POOL AND PETITIONER'S TRIAL JURY DEPRIVED HIM OF THE EFFECTIVE ASSISTANCE OF COUNSEL, A FAIR and impartial Trial and Due Process. (SEE also GROUND III, infra)

a. Supporting facts:

1. As alleged above and hereby incorporated herein by reference, to the extent by which the Trial Court allotted, a partial record was established, setting forth a claim by appointed Trial Counsel (urged by Petitioner) that the State's Jury selection process systematic excluded african-americans from the Two venire pools of the Jury Commissioners List for petitioner's Trial. (RT 1014-1016)

2. The Trial Court found that Defense Counsel's claim—that the two jury venire panels (comprising of eighty-five (85) whites, and Thirteen (13) minorities including only "seven (7) african-americans" provided by the states Jury Commissioner) did not provide Petitioner a fair Trial by a Jury of his peers from a cross section representation of his and other cognizable racial, ethic groups (Ibid.)—"did not establish a prima facie showing" (Id. 1049-50) under its "more likely than not" standard.

3. Petitioner alleges that trial Counsel's education, training and skill in the practice of law as required by the ABA/CBA profession, mandated that Counsel have been more effective in challenging the State's "more likely than not" standard in his effort to establish a prima facie showing. (Ibid. see Ground I, supra) as recently held in Johnson v. California, and Millerel v. Dretke, (Ibid., (b) authorities)

b. Supporting cases, rules, or other authority:

U.S.C.A. VI & XIV ; Cal. CONSTITUTION Article I, §§ 7(a), 14 & 15; Art VI, § 12

People v. Pope (1979) 23 Cal. 412

Strick land v Washington (1984) 466 U.S. 668

PELICAN BAY S.H.U.

UNIT D-4

1   ✝   List, by name and citation only, any cases that you think are close factually to yours so that they

2 are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3 of these cases:

4 Johnson V. California, 125 S.Ct. 2410, 162 L.Ed.2d (2005)

5 Miller-el v. Dretke (2005) 545 U.S. __; 162 L.

6 Ed 2d 196, 125 S.Ct. 2317

7 Do you have an attorney for this petition?        Yes____   No ✓

8 If you do, give the name and address of your attorney:

9 _____

10     WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11 this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13 Executed on _6/14/07_          _____

14        Date               Signature of Petitioner

20 (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS     - 7 -

S145447

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re JAMES WILLIAMSON on Habeas Corpus

---

Petition for writ of habeas corpus is DENIED. (See *People* v. *Duvall* (1995) 9 Cal.4th 464, 474.)

SUPREME COURT
**FILED**

FEB - 7 2007

*Frederick K. Ohlrich Clerk*

Deputy

GEORGE
Chief Justice